Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered August 7, 2013, which denied the petition seeking, inter alia, a declaration that respondents’ methodology for selection to the Gifted and Talented Program was arbitrary and capricious, and mandating a particular methodology and removal of respondents’ sibling priority policy, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Dismissal of the proceeding is warranted because petitioners did not exhaust their administrative remedies provided in Education Law § 310 (7), and they failed to demonstrate either the futility of pursuing such remedy or any other exception to *441 the exhaustion doctrine (see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 88 AD3d 72, 80-81 [1st Dept 2011]). “[A]ny dispute concerning the proper placement of a child in a particular educational program can best be resolved by seeking review of such professional educational judgment through the administrative processes provided by statute” (Hoffman v Board of Educ. of City of N.Y., 49 NY2d 121, 127 [1979]).
In any event, respondents’ admission processes relating to the subject program has a rational basis. Regarding the sibling priority policy, that policy’s purpose was to relieve the financial and logistical burdens of families with two or more children who might otherwise have to attend different schools in different parts of the City. As to the percentile-ranking methodology, respondents reasonably explained that this methodology was fairer and gives more students who are gifted a chance to be in the lottery to obtain a spot in the program.
The sibling priority policy does not violate the Equal Protection Clause of the New York State Constitution. Respondents demonstrated that the policy “rationally furthers some legitimate, articulated state purpose” (Archbishop Walsh High School v Section VI of N.Y. State Pub. High School Athletic Assn., 88 NY2d 131, 136 [1996] [internal quotation marks omitted]).
We have considered petitioners’ remaining contentions and find them unavailing.
Concur — Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.